**Mitzi M. MOORE, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–3255.

Court of Appeals of Alaska.

Sept. 20, 1991.

John C. Pharr, Anchorage, for appellant.

W.H. Hawley, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, Superior Court Judge.*

OPINION

BRYNER, Chief Judge.

Mitzi M. Moore pled no contest to one count of misconduct involving a controlled substance in the fourth degree (possession of cocaine), reserving the right to appeal the superior court's denial of her motion to suppress the cocaine she allegedly possessed, which was seized during a warrantless search of her person. On appeal, Moore contends that the search was not supported by probable cause, and, even if it was, it did not fall within any established exception to the warrant requirement. We affirm.

On September 23, 1988, police officers executed a search warrant at an Anchorage residence. The warrant was based on evidence establishing that the residence was a "crack house," that is, a place used exclusively for the consumption and distribution of cocaine.

Upon entering the residence, officers encountered thirteen people. Mitzi Moore was one of several people in the living room. Moore was initially subjected to a patdown and then to a full search, which

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

yielded a baggie of cocaine that she had concealed in her clothing.

Moore moved to suppress this evidence, claiming that the search was not supported by probable cause. Following an evidentiary hearing, Superior Court Judge Peter A. Michalski denied the motion, finding that the police had probable cause to believe that Moore possessed a controlled substance.

■ On appeal, Moore first claims that the warrantless search of her person was not based on probable cause but was conducted merely because she was present when the police executed the warrant for the residence. Moore argues that, under the circumstances, the search is barred by *Ybarra v. Illinois*, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979). The superior court found, however, that Moore's search was based on particularized facts amount-

ing to probable cause. The court's decision is not clearly erroneous.[1]

■ Moore's presence in a crack house—a location used exclusively for illicit traffic in cocaine—was one factor that the police could take into account in the overall calculus of probable cause. *See, e.g., State v. Hinkel*, 365 N.W.2d 774 (Minn.1985); *Commonwealth v. Smith*, 370 Mass. 335, 348 N.E.2d 101 (1976); *State v. DeSimone*, 60 N.J. 319, 288 A.2d 849 (N.J.1972).[2] Moreover, at the suppression hearing, Sergeant Mark O'Brien of the Anchorage Police Department testified that, based on his experience with other crack houses, it is a common practice for persons who run such establishments to conceal drugs on women who are on the premises. Other significant evidence specifically indicated that Moore was likely to have cocaine secreted on her person. A packet containing cocaine was found at Moore's feet in the living room.[3]

1. Even though there is evidence in the record tending to show probable cause, Moore argues that she was actually searched merely because the police decided to search everybody who was in the residence when the warrant was executed. Moore bases her argument on the suppression hearing testimony of Anchorage Police Sergeant Mark O'Brien, but her reading of O'Brien's testimony is strained. When O'Brien's testimony is taken in the light most favorable to the state—as it must be, *see State v. Grier*, 791 P.2d 627, 631 (Alaska App.1990)—it supports the superior court's finding that Moore's search was based on particularized facts, and not merely on her presence when the warrant for the residence was executed.

2. Moore contends that her presence in the crack house was not a factor to be properly considered in determining probable cause. Moore relies on cases such as *Ybarra v. Illinois*, 444 U.S. at 90–91, 100 S.Ct. at 341–42; *State v. Broadnax*, 98 Wash.2d 289, 654 P.2d 96 (1982); and *Lippert v. State*, 664 S.W.2d 712 (Tex.Crim. App.1984). Those cases, however, do not categorically preclude considering a person's location for purposes of establishing probable cause. Rather, they stand for the more limited proposition that if a search warrant is issued for premises in which some people are engaged in illegality but others may be pursuing legitimate activities, the mere fact that a person is on the premises when the warrant is served will not justify a search of that person. In contrast, Moore was located in premises singularly devoted to a criminal enterprise, and her presence was relied on by the police only as one of several factors in the probable cause determination.

3. Moore questions whether the police officer who specifically ordered her to be searched actually aware that a packet of drugs had been found at her feet. Moore raises this issue for the first time on appeal. At the suppression hearing, the state presented evidence relating to the discovery of drugs at Moore's feet as part of its overall showing of probable cause. Moore did not question whether the officer who ordered her to be searched was specifically aware of this evidence, and she did not argue lack of knowledge by that officer as a ground for precluding the superior court from taking the packet of drugs into account in the overall determination of probable cause. The point was thus never explored at the suppression hearing, and the record does not conclusively establish the scope of knowledge of the officer who ordered Moore to be searched. In ruling on Moore's motion to suppress, Judge Michalski implicitly found that the fact that drugs had been discovered at Moore's feet was generally known by the officers executing the warrant, and that knowledge of this fact was not confined to the officer who initially encountered Moore. In this regard, Judge Michalski's findings specify that "[Moore] was in the living room as police entered, and *they* observed a packet of cocaine at her feet...." (emphasis added). Given the manner in which this issue was presented below, Judge Michalski was not clearly erroneous in finding, a matter of fact, a general awareness by the police officers executing the warrant that drugs had been found at Moore's feet. Accordingly, we need not decide the extent to which the knowledge of one officer may, as a matter of law, be imputed to others. *See generally* LaFave, *Search and Seizure* § 3.2(d) (2d ed.

Moore was visibly upset by the search, seemed anxious to leave, and offered to provide information to the police if they allowed her to go. She also offered an explanation of her presence that was obviously false. When viewed in their totality, these circumstances support the superior court's finding of probable cause.

■ Moore separately contends that, even if probable cause existed, her warrantless search cannot be justified under any of the recognized exceptions to the warrant requirement. *See, e.g., Schraff v. State*, 544 P.2d 834, 840 (Alaska 1975). Moore acknowledges that warrantless searches based on probable cause are permissible when necessary to prevent the destruction of evidence. *See, e.g., Layland v. State*, 535 P.2d 1043 (Alaska 1975), *overruled on other grounds*, 592 P.2d 1187, 1191 (1979); *State v. Spietz*, 531 P.2d 521, 524 (Alaska 1975); *Ingram v. State*, 703 P.2d 415, 422 (Alaska App.1985). She contends, however, that there was no exigency here.

In *Finch v. State*, 592 P.2d 1196, 1198 (Alaska 1979), the Alaska Supreme Court set out the criteria for determining when warrantless searches are permissible under the destruction of evidence exception:

> There must be probable cause to believe that evidence is present, and the officers must reasonably conclude, from the surrounding circumstances and the information at hand, that the evidence will be destroyed or removed before a search warrant can be obtained....

> Circumstances which are relevant to the determination include: the degree of urgency involved; the amount of time necessary to secure a warrant; the possibility of danger to police officers guarding the site while a warrant is sought; information indicating that the possessors of the evidence are aware the police are on their trail; and the ready destructibility of the evidence.

Applying these criteria to the present case, we conclude that the superior court did not err in finding a warrantless search to be justified to prevent the destruction of evidence. The officers in this case were engaged in executing a search warrant on a crack house, which contained numerous individuals, some of whom had attempted to escape through windows or barricade themselves into rooms upon the arrival of the police. Moore had clearly been alerted to the fact that the police were "on her trail," and she knew that they suspected her of possessing drugs—easily destructible evidence. Moore seemed anxious to leave and had affirmatively sought to exchange information in return for immediate permission to go.

Given these circumstances, there was ample cause for police to fear imminent destruction of any drugs or related evidence that might be on Moore's person. An immediate, warrantless search of her person was justified.

The judgment is AFFIRMED.

MANNHEIMER, J., not participating.

1987); *United States v. Lomas*, 706 F.2d 886 (9th Cir.1983).